**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JESSICA WILLIAMS, | : | |
| Plaintiff, | : | |
| v. | : | CA 12-00289-KD-C |
| SEVERN TRENT SERVICES, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(a), on the defendant's motion to dismiss for failure to prosecute, or to compel discovery responses and documents (Doc. 45), filed December 17, 2012.   As explained herein, it is **RECOMMENDED** that the plaintiff's case be **DISMISSED WITH PREJUDICE** pursuant to Rules 37(b)(2)(A) and 41(b).   If the Court determines, however, that the plaintiff's case should not be dismissed in its entirety, it is **FURTHER RECOMMENDED** that this matter be **STAYED** until (1) the plaintiff complies with the Court's order compelling her responses to outstanding written discovery (Doc. 47), and (2) she pays the defendant its "reasonable expenses incurred in making the motion [to compel (Doc. 45), including attorney's fees."   FED R. CIV. P. 37(a)(5)(A).

<u>Findings of Fact</u>

**1.     Proceedings leading up to the defendant's motion to dismiss and/or compel.**

On April 27, 2012, the plaintiff, proceeding *pro se*, filed her complaint (Doc. 1), asserting, broadly, a claim for pregnancy discrimination.   After a review of the plaintiff's complaint revealed that the allegations asserted therein were neither insubstantial nor frivolous, and she submitted a copy of her EEOC right-to-sue letter,

her motion for leave to proceed *in forma pauperis* (Doc. 2) was granted on May 11, 2012 (*see* Doc. 7).   Soon thereafter, the plaintiff responded promptly to the Court's order (Doc. 16), requesting that she indicate whether she was pursuing a claim for age discrimination (*see* Doc. 18), in response to the defendant's motion to dismiss an alleged ADEA cause of action, but she refused to participate in the parties' planning meeting (*see* Doc. 22 at 1), and she attempted to push back the date the Court set for the Rule 16 scheduling conference (*see* Doc. 23).

The Court, however, denied her last minute request to reset the scheduling conference (*see generally* Doc. 24), noting that her request for an extension "due to the [ ] Independence Day Holiday" was filed two weeks after she received the Court's order (*compare* Doc. 23, *with* Doc. 21).   The undersigned also took the opportunity to inform the plaintiff, in that order, that her presence at the conference was required "so that the Court may inform her of the responsibilities she has undertaken through her decision to proceed *pro se*, including the requirement that she timely comply with Court orders and appropriately respond to discovery requests from the defendant."   (Doc. 24 at 2; *see also id.* at 1 (informing that plaintiff that while her *pro se* status "afford[s her] some leniency, . . . frivolous motions for extension, such as this one, will not be entertained by this Court").)

The plaintiff attended the scheduling conference on July 9, 2012.   During the conference she requested additional time to obtain counsel, and although the Court established a schedule for this case at that time (*see generally* Doc. 25), the schedule built-in an additional month, until August 9, 2012, for the plaintiff to obtain counsel (*see id.* at 2-3).   And, on August 9, 2012, Attorney Ronnie L. Williams filed a notice of appearance on behalf of the plaintiff.   (*See* Doc. 28.)   But, less than two months later,

2

on October 3, 2012, Attorney Williams moved to withdraw, informing the Court that "[t]here has been a breakdown in the attorney/client relationship such that it is in the best interest of the Plaintiff . . . to secure replacement counsel."   (Doc. 30, ¶ 1.)   In the order granting the motion to withdraw (Doc. 31), entered October 9, 2012, the Court informed the plaintiff

> that the progress of this case will not be delayed because she is without counsel, and the Court will not be inclined to grant extensions because plaintiff is without counsel.   The plaintiff is expected to comply with all deadlines, and is informed that *her failure to comply with deadlines or respond to motions could result in the dismissal of this action for failure to prosecute*.

(*Id.* at 2 (emphasis in original) (citing *Johnson v. Performance Contractors, Inc.*, No. CA 07-0407-WS-C, 2008 WL 2157139 (S.D. Ala. May 14, 2008) (in which—after a motion to withdraw filed by Attorney Williams on similar grounds was granted, and the plaintiff, proceeding *pro se*, failed to comply with the Court's orders regarding discovery and dispositive motions—Judge Steele adopted the undersigned's recommendation that the defendant's motion for summary judgment or for involuntary dismissal be granted as a sanction for the plaintiff's willful failure to comply with the Court's order compelling discovery and requiring a response to the defendant's dispositive motion)).)

Also on October 9, 2012, the plaintiff filed a motion requesting "45 days to seek another attorney" (Doc. 32).   Addressing this request, the Court informed the plaintiff that she was "certainly free to retain new representation," but the Court would "not stay the deadlines in the applicable scheduling order (Doc. 25)."   (Doc. 33 at 1.)   The Court went on,

> As long as this matter remains pending, [especially if she is without counsel,] the plaintiff is **ORDERED** to (1) be cognizant of the Federal Rules of Civil Procedure and the Local Rules of this Court; (2) timely comply with any order issued by this Court; and (3) cooperate with

3

counsel for the defendant, including responding timely and appropriately
to discovery requests from the defendant.

(*Id.* at 2.)

Similar to her October 9, 2012 request, the plaintiff sent a second letter to the Court (Doc. 42), dated November 29, 2012, "requesting a later date to hire counsel due to I am negotiating counsel right now with an attorney located in Birmingham[, who] shall be in place by Dec 16, 2012." The Court again explained to the plaintiff that she was free to retain new representation, but that the deadlines in the applicable scheduling order would not be altered absent good cause and by leave of Court. (*See* Doc. 43 (citing Doc. 25, ¶ 14).)[1]

### 2. The defendant's motion to dismiss and/or compel and the Court's hearing on that motion.

While the plaintiff attempted to delay the proceedings through "motions" filed with the Court, she simultaneously evaded her obligation to "respond[] timely and appropriately to discovery requests from the defendant." (Doc. 33 at 2.) Although the defendant failed to file a notice of service, the defendant represents in its motion that, on September 11, 2012, its initial set of discovery requests were served on the

---

[1]    On December 17, 2012, the Court docketed yet another—a third—request from the plaintiff, this one dated December 15, 2012, requesting additional time because she was still attempting to obtain counsel. (Doc. 46.) The Court's order on the request (Doc. 47) informed

> the plaintiff . . . that the deadlines established by the scheduling order—which necessarily include deadlines triggered by discovery requests served on the plaintiff by the defendant—will not be altered unless there is "a showing of good cause and by leave of Court." (Doc. 25, ¶ 14.) The plaintiff's continued attempts to obtain representation do not amount to good cause. As a *pro se* litigant, the plaintiff has made the decision to go it alone, without counsel, and although the Court owes her some leniency in light of this, her case will not languish on the Court's docket while she attempts to hire an attorney.

(*Id.* at 3 (footnote omitted).)

4

plaintiff, making responses due on October 15, 2012.   After the plaintiff failed to serve responses, the defendant wrote to her on October 22, 2012, requesting complete responses without objections no later than November 2, 2012.   (*See* Doc. 45-1, Oct. 22, 2012 Letter from David Hill, then-counsel for the defendant, to the plaintiff.)   The plaintiff and counsel for the defendant then discussed the pending discovery requests via telephone, on November 1, 2012, and the defendant agreed to extend the response deadline to November 30, 2012 in exchange for responses from the plaintiff without objections.   (*See* Doc. 45-2, Nov. 5, 2012 Email from Mark Zelek, counsel for the defendant, to the plaintiff, confirming conversation.)

The instant motion, filed December 17, 2012, was granted to the extent it sought an order compelling the plaintiff to respond to the long outstanding discovery requests on December 21, 2012.   (*See* Doc. 47 at 2 ("[T]he plaintiff is **ORDERED** to respond in full, without objections, to the defendant's discovery requests no later than **January 2, 2013**.").)   That order also set this matter for a hearing on the defendant's motion to dismiss if the plaintiff failed to comply with the Court's order compelling discovery responses.   (*See id.*)   And, pursuant to that order, the defendant notified the Court of the plaintiff's noncompliance on January 7, 2013 (Doc. 50).

Counsel for the defendant, traveling from Miami to Mobile, and the plaintiff appeared before the Magistrate Judge on January 15, 2013.   During the hearing, the plaintiff testified that she received the defendant's discovery requests and communications regarding discovery and the Court's ***numerous*** orders.   (*See also* Docs. 21; 27; 34; 35; 44; 49; 53 (filed proofs of service of the Court's orders on the plaintiff via certified mail).)   During the hearing, it also became abundantly apparent to the undersigned that the plaintiff, who told the Court she has a degree from Virginia

5

College in business/office management, could have answered the discovery requests or, at the very least, could have made the Court aware that she did not understand the discovery requests—she obviously knew how to communicate with the Court, *see supra*. She instead chose to ignore the discovery requests and, thus, evade her obligation to "respond[] timely and appropriately to discovery requests from the defendant."   (Doc. 33 at 2.)   She furthermore chose to snub an order of the Court, compelling her to respond to the discovery requests, in addition to ignoring multiple Court orders requiring that she participate in discovery, even absent counsel, or face consequences, including dismissal of her lawsuit.

Conclusions of Law

**1.     Dismissal pursuant to Rule 37.**

A failure to provide court-ordered discovery is not without consequences.   Such consequences "include" those listed under Rule 37(b)(2)(A):

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.*   And, as the undersigned has previously recognized,

This Court has broad discretion in imposing Rule 37 sanctions. *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997); *see also BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir .1994). However, "this discretion is not unbridled." *United States v. Franklin*, 2001 WL 670630, *1 (M.D. Fla. 2001) (citation omitted); *see also Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986) ("[T]he district court has 'broad, although not unbridled, discretion in imposing sanctions' under Rule 37."). In particular, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *Certain Real Property Located at Route 1, Bryant, Ala., supra*, 126 F.3d at 1317, quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986); *see Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir.) ("[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders."), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

*Johnson*, 2008 WL 2157139, at *3.

As revealed in this recommendation, the plaintiff in this case has shown a willful disregard for orders entered by this Court—four written orders by the undersigned's count:

- July 6, 2012 Order (Doc. 24) (requiring the plaintiff's presence at the scheduling conference to "inform her of the responsibilities she has undertaken through her decision to proceed *pro se*, including the requirement that she timely comply with Court orders and appropriately respond to discovery requests from the defendant");

- October 9, 2012 Order (Doc. 31) (The plaintiff is expected to comply with all deadlines, and is informed that ***her failure to comply with deadlines o respond to motions could result in the dismissal of this action for failure to prosecute***.") (emphasis in original);

- October 10, 2012 Order (Doc. 33) ("[T]he plaintiff is **ORDERED** to (1) be cognizant of the Federal Rules of Civil Procedure and the Local Rules o this Court; (2) timely comply with any order issued by this Court; and (3) cooperate with counsel for the defendant, including responding timely and appropriately to discovery requests from the defendant."); and

7

- December 21, 2012 Order (Doc. 47) ("[T]he plaintiff is **ORDERED** to respond in full, without objections, to the defendant's discovery requests no later than **January 2, 2013**.").

The plaintiff's flagrant disregard of these orders along with her failure to provide the Court with any acceptable excuse for her inaction in this matter during the hearing on January 15, 2013 demand the undersigned recommend that the Court dismiss her cause of action with prejudice pursuant to Rule 37(b)(2)(a)(v).  *See Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d at 1317 ("We consistently have found Rule 37 sanctions such as dismissal or entry of default to be appropriate . . . 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'"); *see also Tilley v. Choate*, No. 12–7016, 2012 WL 5860355, at *2 (10th Cir. Nov. 20, 2012) (affirming dismissal of a *pro se* plaintiff's complaint pursuant to Rule 37(b)(2)(a)(v) for his failure to obey an order to provide or permit discovery); *accord Brissett v. Manhattan & Bronx Surface Transit Operating Auth.*, 472 Fed. App'x 73, 74 (2d Cir. July 9, 2012) (further noting, "We recognize that dismissal is a harsh sanction, particularly for a *pro se* litigant.   But where, as here, a litigant has been warned explicitly and repeatedly that failure to comply with the court's orders will lead to dismissal, it cannot be called abuse of discretion when that sanction is ultimately imposed for continued non-compliance."); *Jennings v. Sallie Mae, Inc.*, 358 Fed. App'x 719, 721-22 (7th Cir. Dec. 23, 2009); *cf. Taylor v. Allstate Prop. & Cas. Ins. Co.*, 282 F.R.D. 421, 422-23 (S.D. Ohio 2012); *Jones v. Wal-Mart*, No. 8:10–cv–988–JMC–JDA, 2011 WL 7445488 (D.S.C. Oct. 28, 2011), *report & recommendation adopted*, 2012 WL 684028 (D.S.C. Mar. 2, 2012), *aff'd*, 473 Fed. App'x 333 (4th Cir. May 30, 2012).

2.      **Dismissal pursuant to Rule 41(b).**

Dismissal is also warranted by the plaintiff's failure to prosecute her case with reasonable diligence and because of her pattern of failing to comply with orders of the Court.

Courts undoubtedly posses the power to dismiss an action "for failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure."   *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed. R. Civ. P., expressly "authorizes a district court to dismiss a complaint for . . . failure to comply with a court order").   But the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a ***clear record*** of delay or contumacious conduct by the plaintiff."   *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (emphasis added).   Such conduct includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute).

The plaintiff's behavior in this matter, as documented in this recommendation, evidence a clear record of defying court orders, ignoring warnings, and wasting the Court's time.  Such a record qualifies as "contumacious," and thus necessitates the sanction of "dismissal of an action for failure to prosecute."  *McKelvey*, 789 F.2d at 1520.

Conclusion

For the reasons set forth above, and after consideration of lesser sanctions, which the Magistrate Judge firmly believes will not suffice given the record in this case, as set out herein, it is **RECOMMENDED** that the plaintiff's case be **DISMISSED WITH PREJUDICE** pursuant to Rule 37(b)(2)(A)(v), as a sanction for her failure to obey the Court's discovery order, and Rule 41(b), for the her failure to prosecute and failure to abide by the orders of this Court.

Alternatively, should the Court determine that the plaintiff's case need not be dismissed in its entirety, it is **FURTHER RECOMMENDED** that this matter be **STAYED** pursuant to Rule 37(b)(2)(A)(iv) until (1) the plaintiff complies with the Court's order compelling her responses to outstanding written discovery (Doc. 47), and (2) she pays the defendant its "reasonable expenses incurred in making the motion [to compel (Doc. 45], including attorney's fees."  FED R. CIV. P. 37(a)(5)(A).

**DONE** this the 5th day of February, 2013.

s/WILLIAM E. CASSADY<br>**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"   FED. R. CIV. P. 72(b)(2).